BILLY O. WILDER v. GEORGE K. HODGES

No. 8510DC1055

(Filed 15 April 1986)

1. **Unfair Competition § 1— unfair and deceptive trade practice—leasing of one lot—business activity**

   The leasing of one piece of real estate for use as a restaurant parking lot was a business activity within the meaning of N.C.G.S. § 75-1.1 prohibiting unfair and deceptive trade practices.

2. **Unfair Competition § 1— fraud and unfair or deceptive trade practice—recovery on one claim only**

   When the same course of conduct supports claims for fraud and for an unfair and deceptive trade practice, recovery can be had on either claim, but not on both.

APPEAL by defendant from *Payne, Judge.* Judgment entered 3 May 1985 in District Court, WAKE County. Heard in the Court of Appeals 6 February 1986.

Plaintiff sued for damages upon claims of fraud and unfair and deceptive trade practices in violation of G.S. 75-1.1. Both claims are based upon allegations that defendant falsely represented that he had bought a vacant lot adjacent to plaintiff's restaurant, a lot plaintiff had long used for customer parking at no charge by the owner, and induced plaintiff to pay him $1,080 as rent over a three-month period. The jury returned a verdict for the plaintiff on both claims, finding in each instance that his actual damages were $1,080, and on the fraud claim they also awarded $3,000 in punitive damages. The trial judge trebled the Chapter 75 damages to $3,240, as required, and entered judgment against defendant for that amount plus $3,000, or $6,240 altogether. The court also taxed defendant with plaintiff's attorneys fees in the amount of $1,500.

*Yeargan, Thompson & Mitchiner, by W. Hugh Thompson, for plaintiff appellee.*

*Martin & Hayes, by David Ray Martin, for defendant appellant.*

PHILLIPS, Judge.

[1]  The verdict against defendant is supported by evidence tending to show, in gist, that though he only had an option to buy the lot involved, with no right to rent it, defendant nevertheless induced plaintiff into signing a written lease and into paying him $360 a month for using the lot. Even so, defendant contends that the evidence does not support the unfair or deceptive trade practices verdict and judgment. The argument is that the leasing of the one lot involved was neither in commerce nor had any effect on it, as G.S. 75-1.1 requires. The contention has no merit. G.S. 75-1.1(b) defines commerce to include "all business activities, however denominated," and leasing a piece of real estate for use as a restaurant parking lot is certainly a business activity. Actually, this is no longer an open question, as we held earlier that the leasing of just one commercial lot satisfies the Chapter 75 requirement of being in or affecting commerce. *Kent v. Humphries*, 50 N.C. App. 580, 275 S.E. 2d 176, *modified on other grounds and aff'd*, 303 N.C. 675, 281 S.E. 2d 43 (1981).

[2]  Defendant's contentions that the court erred in charging the jury in certain respects cannot be considered because he made no objection to the charge. Rule 10(b)(2), N.C. Rules of Appellate Procedure. But the defendant's contention that the judgment erroneously permits a double recovery for one injury is well taken. When the same course of conduct supports claims for fraud and for an unfair or deceptive trade practice under Chapter 75, recovery can be had on either claim, but not on both. *Borders v. Newton*, 68 N.C. App. 768, 315 S.E. 2d 731 (1984). Thus, in entering judgment against defendant for $3,240 on the Chapter 75 claim and also for $3,000 on the fraud claim, for $6,240 altogether, the court went too far, and the judgment is modified to provide for the recovery of $3,240 along with the costs and attorneys fees as properly taxed under G.S. 75-16.1.

No error in trial; judgment modified.

Judges ARNOLD and EAGLES concur.