DONALD R. CANADY, SR., AND CONNIE H. CANADY, PLAINTIFFS v. OSCAR MANN, GAINES R. JOHNSON, WILLIAM J. BRINN, JR. AND CAROLINA LAKES CORPORATION, DEFENDANTS

No. 9112SC690

(Filed 18 August 1992)

1. **Cancellation and Rescission of Instruments § 22 (NCI4th) — rescission of contract — failure to allege special damages — fraud and breach of contract actions barred**

   Plaintiff vendees' actions for fraud and breach of contract arising from the sale of resort property were barred by their rescission of the contract of sale where they alleged fraud but failed to plead special damages. Plaintiffs' allegations that their damages consisted of the loss of (1) use of specific and unique property, (2) use of the purchase money, (3) interest the purchase money could have earned, and (4) appreciated value of the property, *i.e.*, the benefit of the bargain, pertained only to general and not special damages.

   **Am Jur 2d, Cancellation of Instruments § 66; Damages § 831.**

2. **Accord and Satisfaction § 8 (NCI4th) — check given as payment in full — unilateral attempt to alter terms — negotiation of check**

   Plaintiff vendees' claims for fraud and breach of contract arising from the sale of resort property were barred by the doctrine of accord and satisfaction where defendants offered plaintiffs a check for the amount of the purchase price plus interest and closing costs; the check contained language that it was in full and final settlement of all claims; defendants also presented plaintiffs with a release; the female plaintiff marked out the settlement language on the check and refused to sign the release; and plaintiffs thereafter negotiated the check. Plaintiffs' unilateral attempt to alter the terms upon which defendants offered the check was ineffective, and their negotiation of the check tendered as payment in full of a disputed claim established an accord and satisfaction.

   **Am Jur 2d, Accord and Satisfaction §§ 18-23, 44.**

   **Modern status of rule that acceptance of check purporting to be final settlement of disputed amount constitutes accord and satisfaction. 42 ALR4th 12.**

CANADY v. MANN

[107 N.C. App. 252 (1992)]

3. **Fraud, Deceit, and Misrepresentation § 38 (NCI4th)— fraud claim—intent—summary judgment improper**

Summary judgment was improperly entered for defendant sales manager on plaintiffs' claim for fraud in the sale of resort property where plaintiffs' affidavit alleged that the two lots conveyed to plaintiffs were not the ones they intended to purchase but were unsuitable for building, and that the designations for these lots were intentionally changed with an intent to deceive plaintiffs.

**Am Jur 2d, Fraud and Deceit §§ 481-486; Summary Judgment §§ 35-36.**

4. **Contracts § 115 (NCI4th)— breach of contract—nonparty not liable**

A defendant who was not a party to a contract could not be held liable for breach of the contract.

**Am Jur 2d, Contracts § 421.**

5. **Unfair Competition § 1 (NCI3d)— sale of resort property—unfair practices—actual injury**

Plaintiffs' forecast of evidence raised a genuine issue of material fact in an action for unfair and deceptive practices by defendants in (1) fraudulently inducing plaintiffs to purchase lots in a resort community which were unsuitable for building, (2) convincing plaintiffs that the lots were good bargains because they had been owned by a now bankrupt company, and (3) representing that new golf courses, lakes and other amenities were to be built in the community. Although plaintiffs had regained their purchase price plus interest and closing costs from defendants, a jury could find that plaintiffs' actual injury consisted of the loss of use of the specific and unique property and the loss of the appreciated value of the property.

**Am Jur 2d, Summary Judgment § 27.**

APPEAL by plaintiffs from Order by *Judge Giles R. Clark* in CUMBERLAND County Superior Court entered 1 April 1991. Heard in the Court of Appeals 12 May 1992.

*Campbell & Leslie, by Pamela S. Leslie; and Rose, Ray, Winfrey & O'Connor, by Ronald E. Winfrey, for plaintiff appellants.*

*Brown, Robbins, May, Pate, Rich, Scarborough & Burke, by D.T. Scarborough III, for defendant appellees, Carolina Lakes Corporation and William J. Brinn, Jr.*

COZORT, Judge.

Plaintiff appellants Donald R. Canady, Sr., and Connie H. Canady (Canadys) appeal an Order granting summary judgment for all defendants. We affirm in part and reverse in part.

In March 1987 the Canadys were invited to visit Carolina Lakes, a resort development community. The Canadys accepted this invitation and upon arrival they were assigned to salesman Oscar N. Mann. Defendant Mann toured the property with the Canadys and attempted to sell them land within the subdivision. Mr. Mann showed the Canadys four specific pieces of property labeled 1H, 2H, 3H and 4H. In describing these properties, Mr. Mann led the Canadys to believe that lots 1H and 2H were good investments and suitable for building. However, he informed them that the properties labeled 3H and 4H were wet and not suitable for building. Further, Mann said that lots 1H and 2H were especially good bargains because they were formerly owned by a now bankrupt company, McLean Trucking, and that if purchased the lots could be resold in a few months for at least $5,000.00 more per lot. The Canadys agreed to purchase lot 2H and subsequently decided to buy lot 1H as well. The contracts to purchase were signed 11 April and 13 April 1987 respectively, and the deeds were delivered and recorded in June 1987.

After receiving the deeds the Canadys took numerous friends and relatives to view the property and discuss future building plans. In December 1987 the Canadys decided to sell one of their lots. They contacted the sales office at Carolina Lakes for assistance and discovered Mr. Mann no longer worked there. Instead, Mr. Billy Batten attempted to assist them. In the ensuing conversation the Canadys revealed a price at which they were willing to sell the lot. In response Mr. Batten stated the lots would probably not sell for such a price because they were wet and unsuitable for building purposes. After several conversations and trips to Carolina Lakes the Canadys discovered that they had not purchased the lots they had intended to purchase, *i.e.*, the ones defendant

CANADY v. MANN

[107 N.C. App. 252 (1992)]

Mann referred to as good investments, but had instead purchased the adjoining lots considered unsuitable for building. The lots they had intended to purchase were now labeled 3H and 4H. Following this discovery the Canadys had discussions with defendants, Gaines Johnson, Director of Sales, and William Brinn, President of Carolina Lakes. Mr. Brinn offered to the Canadys a complete refund of all monies invested, plus interest, in exchange for return of the deeds to lots 1H and 2H. On the back of the refund check, Carolina Lakes included language that the check was in final settlement of all claims. In an attempt to accept the check without releasing the defendants from future claims, Connie H. Canady marked out all words pertaining to settlement, in the presence of Mr. Brinn, and then accepted the check. Plaintiffs also refused to sign the release offered by defendant Brinn.

On 10 April 1990 plaintiffs filed an action accompanied by a Civil Summons with an Order Extending Time to File Complaint. On 30 April 1990 the complaint was filed alleging breach of contract, fraud, and unfair and deceptive trade practices. The defendant Mann was served by publication and failed to answer. Defendant Johnson filed an answer on 25 September 1990, denying the essential allegations of the complaint. Defendants Brinn and Carolina Lakes jointly filed an answer on 2 July 1990, denying the essential elements of the complaint and affirmatively asserting the defenses of election of remedies, accord and satisfaction, and compromise and settlement. Subsequently, defendants Johnson, Brinn, and Carolina Lakes filed motions for summary judgment, and these motions were heard 1 April 1991. On 3 April 1991 an Order was issued granting summary judgment for all defendants on all causes of actions. Plaintiffs filed Notice of Appeal on 30 April 1991.

On appeal plaintiffs argue that the trial court erred in granting summary judgment to all defendants. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990) states that summary judgment "[s]hall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." "[A]n issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). To successfully

carry a motion for summary judgment the moving party must establish that no genuine issue of material fact exists. *Gore v. Hill,* 52 N.C. App. 620, 621-22, 279 S.E.2d 102, 104, *disc. review denied,* 303 N.C. 710, 283 S.E.2d 136 (1981). A party may do so by " 'proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim.' " *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 470, 251 S.E.2d 419, 421 (1979). If the moving party successfully presents evidence to dispel the presence of an essential element of a claim, the opposing party may not rest upon the allegations or denials in his pleadings. Instead, he must affirmatively take steps to show that there is a genuine issue for trial. If the opposing party cannot or fails to do so, summary judgment is to be entered. N.C. Gen. Stat. § 1A-1, Rule 56(e) (1990).

We first address the breach of contract and fraud claims against Brinn and Carolina Lakes. The record reveals that defendant Brinn presented plaintiffs a check with language indicating a full and final settlement. The plaintiffs obliterated the settlement language and accepted the check. Plaintiffs, after receipt of the check, returned the deed to properties 1H and 2H. Plaintiffs contend that rescission of the contract did not fully compensate for the losses suffered and plaintiffs are therefore entitled to seek damages for breach of contract and fraud. Defendants counter by asserting the affirmative defenses of election of remedies and accord and satisfaction.

[1] First, we consider the election of remedies defense. "The purpose of the doctrine of election of remedies is not to prevent recourse to any remedy, but to prevent double redress for a single wrong." *Smith v. Gulf Oil Corp.,* 239 N.C. 360, 368, 79 S.E.2d 880, 885 (1954). In *Kee v. Dillingham,* 229 N.C. 262, 265, 49 S.E.2d 510, 512 (1948), the North Carolina Supreme Court stated:

Ordinarily a suit for rescission of a contract may not be joined with an action for its breach or damages for fraud, but where special damages have been sustained as the result of the fraud practiced, rescission of the contract will not bar a recovery for damages. The rule is, if rescission of the contract does not place the injured party *in statu quo,* as where he has suffered damages which cancellation of the contract cannot repair, there is no principle of law which prevents him from

maintaining his action for damages caused by the other party's fraud. (Citation omitted.)

Special damages are "[t]hose which are the actual, but not the necessary, result of the injury complained of, and which in fact follow it as a natural and proximate consequence in the particular case, that is, by reason of special circumstances or conditions." Black's Law Dictionary, (4th ed. 1951) p. 469. " '[G]eneral damages are such as might accrue to any person similarly injured, while special damages are such as did in fact accrue to the particular individual by reason of the particular circumstances of the case.' " *Penner v. Elliott*, 225 N.C. 33, 35, 33 S.E.2d 124, 126 (1945) (quoting Black's Law Dictionary, 2d Ed., pp. 314-15).

In the case below, since plaintiffs rescinded the contract, they cannot now sue for damages arising from its breach unless they have alleged fraud and pled special damages. Although plaintiffs alleged fraud, they failed to plead special damages. Specifically, plaintiffs alleged damages consisting of the loss of (1) use of specific and unique property, (2) use of purchase money, (3) interest the purchase money could have earned, and (4) appreciated value of the property, *i.e.*, the benefit of the bargain. We find that plaintiffs' damages are in the nature of general damages, rather than special damages. Accordingly, plaintiffs' actions for fraud and breach of contract are barred and summary judgment is appropriate for defendants on those claims.

[2] We note also that plaintiffs' claims were barred by the doctrine of accord and satisfaction.

"An 'accord' is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or tort, something other than or different from what he is, or considered himself entitled to; and a 'satisfaction' is the execution or performance, of such agreement."

*Sharpe v. Nationwide Mut. Fire Ins. Co.*, 62 N.C. App. 564, 565, 302 S.E.2d 893, 894, *cert. denied*, 309 N.C. 823, 310 S.E.2d 353 (1983) (quoting *Allgood v. Trust Co.*, 242 N.C. 506, 515, 88 S.E.2d 825, 830-31 (1955) ). "The cashing of a check tendered in full payment of a disputed claim establishes an accord and satisfaction as a matter of law. . . . [T]he claim is extinguished, regardless of any disclaimers which may be communicated by the payee." *Id.* at 566,

302 S.E.2d at 894 (citation omitted). If a party accepts and negotiates a draft, any attempts to alter its terms are ineffective. *Id.* The draft must be accepted on the terms offered by the payor or not at all. *Id.*

Defendants offered plaintiffs a check for the amount of the purchase price plus interest and closing costs. On the check, defendants stated that the check was in full and final settlement of all claims. Defendants also presented plaintiffs with a release. Mrs. Canady marked out the settlement language on the check and refused to sign the release, but plaintiffs accepted and negotiated the draft. Plaintiffs' unilateral attempt to alter the terms upon which defendants offered the check was ineffective. The cashing of the check tendered as payment in full of a disputed claim established an accord and satisfaction. Therefore, summary judgment was appropriate as to the breach of contract and fraud claims.

We now address the breach of contract and fraud claims against defendant Johnson. Unlike defendants Brinn and Carolina Lakes, defendant Johnson did not affirmatively plead election of remedies or accord and satisfaction. Therefore, those defenses are unavailable to him. Accordingly, we must now consider the breach of contract and fraud claims to determine whether summary judgment was appropriate.

[3] First, we consider the plaintiffs' allegations of fraud. The essential elements of fraud are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974).

> The existence of fraud necessarily involves a question concerning the existence of a fraudulent intent on the part of the party accused of such fraud. The intent of a party is a state of mind generally within the exclusive knowledge of that party and, by necessity, must be proved by circumstantial evidence. Summary judgment is generally inappropriate under such circumstances.

*Girard Trust Bank v. Belk*, 41 N.C. App. 328, 339, 255 S.E.2d 430, 437, *disc. review denied*, 298 N.C. 293, 259 S.E.2d 299 (1979). In his deposition, defendant Johnson denied that he intended to deceive plaintiffs. Once defendant denied an essential element of

CANADY v. MANN

[107 N.C. App. 252 (1992)]

the fraud claim, plaintiffs then had the duty to show the presence of a material fact. We find plaintiffs' affidavit, incorporating the allegations of the complaint, sufficient to raise a genuine issue of material fact as to Johnson's intent. Plaintiffs alleged that the intentional mismarking of the lots constituted definite and specific misrepresentations which were known to be false by all defendants and made with the intent to deceive. Therefore, summary judgment for defendant Johnson on the fraud claim must be reversed.

[4]  As to the breach of contract claim against defendant Johnson, we find summary judgment was correctly granted. Since defendant Johnson was not a party to the contract, as a matter of law he cannot be held liable for any breach that may have occurred.

Defendant Mann did not respond to any of the pleadings served upon him by the plaintiffs. It follows that he may not be granted a motion for summary judgment on any of the claims before us. However, there is some ambiguity in the record as to whether the trial court intended to grant summary judgment to this defendant. The three parties who responded to plaintiffs' allegations, Johnson, Brinn, and Carolina Lakes, made motions for summary judgment. The trial court's order grants summary judgment to all defendants. Assuming that the trial court's order does grant summary judgment to defendant Mann, that order is reversed as to all three claims as to Mann.

[5]  Finally, we address the unfair and deceptive trade practices claim against all defendants. N.C. Gen. Stat. § 75-1.1(a) (1988) states in relevant part: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." "[A]n action for unfair or deceptive acts or practices is a distinct action apart from fraud, breach of contract, or breach of warranty." *Bernard v. Cent. Carolina Truck Sales*, 68 N.C. App. 228, 232, 314 S.E.2d 582, 585, *disc. review denied*, 311 N.C. 751, 321 S.E.2d 126 (1984). Since "[t]he legislation creating [an action for unfair and deceptive trade practices] expanded existing common law remedies . . . traditional common law defenses . . . are not relevant . . . ." *Concrete Service Corp. v. Investors Group*, 79 N.C. App. 678, 685, 340 S.E.2d 755, 760, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986). A party may assert claims for fraud, breach of contract, and unfair and deceptive trade practice claims, but may only recover on one claim. *See Wilder v. Hodges*, 80 N.C. App. 333, 334, 342 S.E.2d 57, 58 (1986); *Marshall*

*v. Miller*, 47 N.C. App. 530, 542, 268 S.E.2d 97, 103, *modified and aff'd*, 302 N.C. 539, 276 S.E.2d 397 (1981).

In order to prevail under this statute plaintiffs must prove: (1) defendant committed an unfair or deceptive act or practice, (2) that the action in question was in or affecting commerce, (3) that said act proximately caused actual injury to plaintiff. *Spartan Leasing Inc. v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 480 (1991). Plaintiffs do not have to prove fraud, bad faith, or intentional deception, *Myers v. Liberty Lincoln-Mercury, Inc.*, 89 N.C. App. 335, 336-37, 365 S.E.2d 663, 664 (1988), but proof of fraud necessarily constitutes a violation of the statute. *Hardy v. Toler*, 288 N.C. 303, 309, 218 S.E.2d 342, 346, *modified and aff'd*, 288 N.C. 303, 218 S.E.2d 342 (1975). In determining whether a representation is deceptive, its effect on the average consumer is considered. *Opsahl v. Pinehurst*, 81 N.C. App. 56, 69, 344 S.E.2d 68, 76 (1986). Conduct is unfair or deceptive if it has the capacity or tendency to deceive. The Act does not precisely define the term unfair or deceptive trade practices, and neither is such a definition possible. Rather the surrounding facts of the transaction and the impact on the marketplace determine if the transaction is unfair or deceptive, and this determination is a question of law for the court. *Id.*

As to whether conduct is in or affecting commerce, N.C. Gen. Stat. § 75-1.1(b) provides that " 'commerce' includes all business activities, however denominated . . . ." A person engaged in the business of selling residential real estate may commit an act affecting commerce within the meaning of the statute. *See Wilder v. Squires*, 68 N.C. App. 310, 313-14, 315 S.E.2d 63, 65-66, *cert. denied*, 311 N.C. 769, 321 S.E.2d 158 (1984).

The statute also requires plaintiffs to suffer "actual injury," but does not define the term. In *Bernard*, 68 N.C. App. at 232-33, 314 S.E.2d at 585, this Court stated that "[s]ince the remedy [of treble damages authorized in N.C. Gen. Stat. § 75-16] was created partly because [the remedies for fraud, breach of contract, or breach of warranty] often were ineffective, it would be illogical to hold that only those methods of measuring damages could be used." The Court further stated "[t]he measure of damages used should further the purpose of awarding damages, which is 'to restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money.' "

**CANADY v. MANN**

[107 N.C. App. 252 (1992)]

*Id.* at 233, 314 S.E.2d at 585 (quoting *Phillips v. Chesson*, 231 N.C. 566, 571, 58 S.E.2d 343, 347 (1950)).

Plaintiffs alleged that defendants committed unfair and deceptive trade practices by (1) inducing them to visit Carolina Lakes and fraudulently inducing them to purchase lots unsuitable for building, (2) convincing them that the lots would appreciate rapidly in value because of McLean Trucking Company's bankruptcy, and (3) representing that new golf courses, lakes, and other amenities were to be built on the properties. In addition to their affidavit incorporating the allegations of the complaint, plaintiffs submitted the affidavit of James Hayter, a former sales agent of Carolina Lakes, and the depositions of defendants Brinn, Johnson, and Mann. In his deposition, defendant Brinn stated that defendant Johnson would submit marketing concepts to him for approval. Defendant Brinn further stated that he signed the on-lot inspection for the lots purchased by plaintiffs. In his deposition, defendant Johnson stated that it was his responsibility to review the sales at Carolina Lakes, but he did not always do so. Reviewing the pleadings, affidavits, and depositions, we find plaintiffs presented sufficient evidence of unfair and deceptive trade practices to raise a genuine issue of material fact.

Specifically, regarding the element of actual injury, we note that plaintiff alleged injuries consisting of (1) loss of specific and unique property, (2) loss of use of the purchase money and closing costs, (3) loss of interest the purchase price and the closing costs could have earned, and (4) the appreciated value of property, *i.e.*, loss of the benefit of the bargain. Although plaintiffs regained the purchase price plus interest and closing costs, a jury could find that plaintiffs' "actual injury" also consisted of the loss of use of the specific and unique property and the loss of the appreciated value of the property. Summary judgment for all defendants on the claim of unfair and deceptive trade practices must be reversed.

Affirmed in part; reversed in part.

Judges PARKER and GREENE concur.