MITCHELL EDWARDS AND WIFE, DAPHNE EDWARDS, PLAINTIFFS-APPELLEES v. JOSEPH ROBERT WEST D/B/A CENTURY 21 WEST & COMPANY, AND BOB WEST, INC., DEFENDANTS-APPELLANTS

No. COA96-261

(Filed 17 February 1998)

## 1. Contracts § 148 (NCI4th)— sale of lot—acreage reduced— breach of contract—evidence sufficient

The trial court did not err in denying defendants' motion for a directed verdict at the close of all evidence on a breach of contract claim arising from the sale of a lot in a subdivision where there was more than a scintilla of evidence that the lot was smaller than first represented and that a breach of contract occurred.

## 2. Unfair Competition or Trade Practice § 43 (NCI4th)— sale of lot—acreage reduced—disclosure delayed—directed verdict for defendants—denied

The trial court did not err by denying defendants' motion for a directed verdict on an unfair or deceptive practice claim arising from the attempted sale of a lot where there was evidence that defendants made a definite and specific representation of the acreage through the use of a plat and did not plan to tell plaintiffs about a reduction in acreage until closing. Defendants had a duty to disclose the change as soon as possible instead of attempting to wait until the last minute.

## 3. Unfair Competition or Trade Practice § 42 (NCI4th)— sale of lot—acreage reduced—unfair or deceptive act—causation—evidence sufficient

There was no merit to defendants' contention that plaintiff buyers failed to present sufficient evidence of causation to require submission of damages to the jury on an unfair and deceptive trade practice claim arising from plaintiffs' attempted

EDWARDS v. WEST

[128 N.C. App. 570 (1998)]

purchase of a lot which was reduced in size after the purchase contract was signed.

### 4. Unfair Competition or Trade Practices § 54 (NCI4th)— sale of lot—acreage reduced—unfair or deceptive act— attorney's fees—no error

There was ample evidence to support an award of attorney fees under N.C.G.S. § 75-16.1 where defendants changed a plat to reduce the acreage of a lot after plaintiffs signed a purchase contract.

Appeal by defendants from judgment entered 22 September 1995 in Cumberland County Superior Court by Judge Wiley F. Bowen. This case was originally heard in the Court of Appeals on 31 October 1996 and the appeal was dismissed on 18 March 1997. *Edwards v. West*, 125 N.C. App. 742, 483 S.E.2d 746 (1997). The Supreme Court of North Carolina reversed and remanded to the Court of Appeals on 7 November 1997. *Edwards v. West*, 347 N.C. 351, 492 S.E.2d 356 (1997). Reheard in the Court of Appeals on remand 12 January 1998.

*Garris Neil Yarborough for plaintiff appellees.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Richard M. Wiggins, for defendant appellants.*

SMITH, Judge.

This case arises from an October 1993 incident, when defendant Century 21 West & Company ("Century 21 West") contracted to sell plaintiffs Mitchell and Daphne Edwards' Lot 4 in the "Starwood at Overhill" subdivision for $105,000.00. Plaintiffs, first-time home buyers, retained defendant real estate agency Century 21 West for their professional assistance in purchasing a home. Defendant Joseph Robert West controlled both Century 21 West and another business known as Bob West, Incorporated ("Bob West, Inc.").

Once plaintiffs retained the services of Century 21 West, sales agent Ann Shrump ("Shrump") directed plaintiffs to Lot 4 on which Bob West, Inc., had exercised its option to purchase. During the negotiations for the purchase price, plaintiffs were given a plat by Shrump outlining the boundaries of the lot. The plat indicated the acreage of the lot to be 1.88 acres, making it the largest lot in the subdivision. In August 1993, the plat filed with Harnett County Registry showed the

acreage of Lot 4 as 1.88 acres. Based on this information, plaintiffs executed an offer to purchase and contract on 11 October 1993.

However, plaintiffs later discovered the actual acreage of Lot 4 was reduced to 1.41 acres. A new plat was recorded at the Harnett County Registry on 19 January 1994, without plaintiffs' knowledge. As a result of this discovery, the parties attempted to renegotiate the contract so plaintiffs would still purchase the lot. The negotiations were unsuccessful. On 23 August 1994, plaintiffs filed a complaint against defendant Joseph Robert West, doing business as Century 21 West, and Bob West, Inc., alleging breach of contract, negligence, fraud, and unfair and deceptive trade practice claims.

Following trial, the jury returned a verdict in favor of plaintiffs. Thereafter, the trial court trebled the damages and awarded attorneys fees to plaintiffs. Defendants appeal.

Before we address the merits of this case, we note that appellants have failed to comply with N.C.R. App. P. 9(a)(1)(I) and 26(a) and (d). There is no certification in the record signifying when or if a proposed record on appeal was ever served on plaintiffs by defendant appellants. Defendant appellants have the burden of ensuring "that all necessary papers are before the appellate court." *Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 563, 402 S.E.2d 407, 408 (1991). Notwithstanding this omission, pursuant to the mandate of our Supreme Court and the authority of *Hale v. Afro-American Arts International, Inc.*, 335 N.C. 231, 436 S.E.2d 588 (1993), we address defendants' appeal.

Appellate review is limited to those exceptions which pertain to the argument presented. *Crockett v. First Fed. Sav. & Loan Assoc. of Charlotte*, 289 N.C. 620, 632, 224 S.E.2d 580, 588 (1976). To obtain appellate review, a question raised by an assignment of error must be presented and argued in the brief. *In re Appeal from Environmental Management Comm.*, 80 N.C. App. 1, 18, 341 S.E.2d 588, 598, *disc. review denied*, 317 N.C. 334, 346 S.E.2d 139 (1986). Questions raised by assignments of error which are not presented in a party's brief are deemed abandoned. *State v. Wilson*, 289 N.C. 531, 535, 223 S.E.2d 311, 313 (1976). Defendants' brief failed to address assignment of error number 4. Therefore, this assignment of error is deemed abandoned.

We also note that defendants' assignments of error regarding the breach of contract and unfair and deceptive trade practice claims

EDWARDS v. WEST

[128 N.C. App. 570 (1998)]

both allege the trial court erred in denying defendants' motion for directed verdict at the close of plaintiffs' evidence. It is unnecessary to undertake a determination of whether plaintiffs' evidence, standing alone, was sufficient to withstand a motion for directed verdict. By offering evidence, defendants waived their motion for a directed verdict made at the close of plaintiffs' evidence. *Bumgarner v. Tomblin*, 92 N.C. App. 571, 574, 375 S.E.2d 520, 522, *disc. review denied*, 324 N.C. 333, 378 S.E.2d 789 (1989). Therefore, we address these assignments of error only as they relate to the motion for directed verdict made at the close of all evidence.

The standard of review for a directed verdict at the close of all evidence is that "the trial court must determine whether the evidence, when considered in the light most favorable to the non-movant, is sufficient to take the case to the jury." *Southern Bell Tel. & Tel. Co. v. West*, 100 N.C. App. 668, 670, 397 S.E.2d 765, 766 (1990), *aff'd*, 328 N.C. 566, 402 S.E.2d 409 (1991). The party moving for a directed verdict bears a heavy burden in North Carolina. *Taylor v. Walker*, 320 N.C. 729, 733, 360 S.E.2d 796, 799 (1987). The court should deny a motion for directed verdict when there is more than a scintilla to support plaintiffs' prima facie case. *Southern Ry. v. O'Boyle Tank Lines Inc.*, 70 N.C. App. 1, 4, 318 S.E.2d 872, 875 (1984). Where the question of granting a directed verdict is a close one, the better practice is for the trial judge to reserve his decision on the motion and submit the case to the jury. *Tice v. Hall*, 63 N.C. App. 27, 37, 303 S.E.2d 832, 838 (1983), *aff'd*, 310 N.C. 589, 313 S.E.2d 565 (1984).

**[1]** The first issue on appeal is whether the trial court erred in denying defendants' motion for directed verdict at the close of all evidence on the breach of contract claim. In the instant case, the evidence is sufficient to take the case to the jury on plaintiffs' cause of action for breach of contract. Viewing the evidence in the light most favorable to plaintiffs, the evidence shows that plaintiffs, first-time home buyers, retained defendant Century 21 West to assist in purchasing a home. During the negotiations, Century 21 West sales agent Shrump gave plaintiffs a plat delineating the boundaries of the lot. Defendants represented that the 1.88-acre lot was the largest lot in the subdivision. Based on these representations, plaintiffs entered into a contract to purchase Lot 4 with a house built on it because all the lots had the same purchase price and Lot 4 would be the best bargain. Upon discovery that the lot was only 1.41 acres, plaintiffs thought they were not getting the good deal they bargained for with

defendants. Negotiations between the parties to correct the mistake failed and plaintiffs never purchased the lot. This evidence provides more than a scintilla of evidence that a breach of contract occurred. Thus, this issue was properly submitted to the jury and this assignment of error is overruled.

[2] The second issue is whether the trial court erred in denying defendants' motion for directed verdict at the close of all evidence on the fraud claim pursuant to N.C. Gen. Stat. §§ 75-1.1 and 75-16 (1994). A claim pursuant to these statutes is typically known as an unfair and deceptive trade practice claim. An unfair and deceptive trade practice claim requires plaintiffs to show: (1) that defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) plaintiffs were injured thereby. *Canady v. Mann*, 107 N.C. App. 252, 260, 419 S.E.2d 597, 602 (1992), *disc. review improvidently allowed*, 333 N.C. 569, 429 S.E.2d 348 (1993). Plaintiffs must also establish they "suffered actual injury as a proximate result of defendants' misrepresentations." *Ellis v. Smith-Broadhurst, Inc.*, 48 N.C. App. 180, 184, 268 S.E.2d 271, 273-74 (1980).

N.C. Gen. Stat. § 75-1.1. states that a trade practice is unfair if it "is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 263, 266 S.E.2d 610, 621 (1980), *overruled on other grounds*, *Myers v. Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 374 S.E.2d 385 (1988)). Furthermore, a trade practice is deceptive if it "has the capacity or tendency to deceive." *Id.* at 265, 266 S.E.2d at 622. "[I]t is a question of law for the court as to whether these proven facts constitute an unfair or deceptive trade practice." *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 664, 370 S.E.2d 375, 389 (1988), *aff'd*, 335 N.C. 183, 437 S.E.2d 374 (1993).

Viewing the evidence in the light most favorable to plaintiffs, the evidence in the instant case is sufficient to support an unfair and deceptive trade practice claim. Defendants concede the events giving rise to the lawsuit were acts affecting commerce. However, defendants argue plaintiffs did not show defendants' acts had the capacity to mislead or deceive and, further, that plaintiffs failed to present sufficient evidence of causation regarding damages in order for the court to present the issue to the jury.

To prevail on an unfair and deceptive trade practice claim, deliberate acts of deceit or bad faith do not have to be shown. *Forsyth Memorial Hospital, Inc. v. Contreras*, 107 N.C. App. 611, 614, 421

EDWARDS v. WEST

[128 N.C. App. 570 (1998)]

S.E.2d 167, 169-70 (1992), *disc. review denied,* 333 N.C. 344, 426 S.E.2d 705 (1993). Instead, plaintiffs must demonstrate the act " 'possessed the tendency or capacity to mislead, or created the likelihood of deception.' " *Id.* (quoting *Overstreet v. Brookland, Inc.,* 52 N.C. App. 444, 453, 279 S.E.2d 1, 7 (1981)). In addition, " '[a] party is guilty of an unfair act or practice when it engages in conduct; which amounts to an inequitable assertion of its power or position.' " *Bolton Corp. v. T. A. Loving Co.,* 94 N.C. App. 392, 411-12, 380 S.E.2d 796, 808 (1989) (quoting *Johnson v. Phoenix Mut. Life Insurance Co.,* 300 N.C. at 264, 266 S.E.2d at 622), *disc. review denied,* 325 N.C. 545, 385 S.E.2d 496 (1989).

The element of deception was present in the instant case because the plat given by defendants possessed the tendency or capacity to mislead plaintiffs into thinking plaintiffs were getting the largest lot. A claim of unfair and deceptive trade practice can be established against realtors by proving either fraud or negligent misrepresentation in the commercial setting. *See Powell v. Wold,* 88 N.C. App. 61, 68, 362 S.E.2d 796 (1987). Defendants made a definite and specific representation to plaintiffs, through the use of a plat, that the acreage for the property was 1.88 acres. However, defendants did not plan to tell plaintiffs about the change in acreage until closing. Defendants had a duty to disclose the change as soon as possible instead of attempting to wait until the last minute. The evidence of defendants' misrepresentations supports the court's conclusion that defendants' unfair or deceptive act or practice caused injury to plaintiffs. *See Process Components, Inc. v. Baltimore Aircoil, Inc.,* 89 N.C. App. 649, 654, 366 S.E.2d 907, 911, *aff'd,* 323 N.C. 620, 374 S.E.2d 116 (1988).

[3] As to defendants' contention that plaintiffs failed to present sufficient evidence of causation to require submission of the issue of damages on the unfair and deceptive trade practice claim to the jury, this Court has previously held that whether plaintiffs' damages were the proximate result of defendants' actions is almost always a question of fact for the jury. *Winston Realty Co., Inc. v. G.H.G., Inc.,* 70 N.C. App. 374, 380, 320 S.E.2d 286, 290 (1984), *aff'd,* 314 N.C. 90, 331 S.E.2d 677 (1985). Plaintiffs' actual injury can include the (1) purchase price plus interest and closing costs; (2) loss of the use of specific and unique property; and (3) loss of the appreciated value of the property. *Canady,* 107 N.C. App. at 261, 419 S.E.2d at 603. In the instant case, an award of $11,000.00 to plaintiffs who have been deprived of the largest lot in a subdivision is not unfounded. The

record discloses that the value of the lot was $11,000.00. Furthermore, plaintiffs showed damages totaling approximately $8,800.00, including an increase in money paid for a similar house, the interest rate differential for the purchase of the new house, and money paid to decrease points in interest. These damages could have been avoided, at least in part, if defendants had disclosed the change in lot size at the earliest possible moment instead of waiting. These damages occurred due to an unfair and deceptive trade practice, and the jury so found. Accordingly, this assignment of error is overruled.

**[4]** The third issue is whether the trial court erred when it awarded attorneys fees to plaintiffs in violation of N.C. Gen. Stat. § 75-16.1. Pursuant to N.C. Gen. Stat. § 75-16.1(1), the judge may, in his discretion, allow reasonable attorneys fees to the prevailing party upon a finding that "[t]he party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit . . . ." This statute is designed to supplement common law remedies that often prove ineffective to redress unfair or deceptive practices. *Marshall v. Miller*, 302 N.C. 539, 543, 276 S.E.2d 397, 400 (1981). In addition, an award of attorneys fees encourages private enforcement of the act. *Id.* at 549, 276 S.E.2d at 404. Further, damages assessed pursuant to Chapter 75 are automatically trebled. *Pinehurst, Inc. v. O'Leary Bros. Realty, Inc.*, 79 N.C. App. 51, 61, 338 S.E.2d 918, 924, *disc. review denied*, 316 N.C. 378, 342 S.E.2d 896 (1986). An award of treble damages achieves the same goals as an award of attorneys fees, but it also serves to deter future misconduct. *Marshall*, 302 N.C. at 546, 276 S.E.2d at 402.

Contrary to defendants' argument, there is ample evidence to support the finding that defendants' failure to settle the claim was unwarranted. The record in the case discloses more than a simple breach of contract. Indeed, the facts show intentional deception in dealing with plaintiffs. Defendants changed the plat to show the acreage of Lot 4 as 1.41 acres and recorded it without plaintiffs' knowledge after plaintiffs already signed an offer of purchase based on the representation the lot was 1.88 acres. Additionally, by defendants' own admission they chose not to go through with the deal due to an extremely small profit margin.

"Once the fact finder determines whether a party committed certain acts and whether those acts had a causal connection to the

claimant's injury, the court as a matter of law may determine whether these acts do indeed constitute unfair and deceptive practices in violation of Chapter 75." *Southern Bldg. Maintenance, Inc. v. Osborne*, 127 N.C. App. 327, ——, 489 S.E.2d 892, 897 (1997). In the instant case, the jury determined defendants' acts had a causal connection to plaintiffs' injuries. Further, the trial court made conclusions of law that defendants willfully committed the acts charged and that there was an unwarranted refusal to settle. Thus, these findings are sufficient to support the award under N.C. Gen. Stat. § 75-16.1. *See Garlock v. Henson*, 112 N.C. App. 243, 247, 435 S.E.2d 114, 116 (1993).

In conclusion, the trial court did not err when it did not grant defendants' motions for directed verdict for the breach of contract and unfair and deceptive trade practice claims. For the foregoing reasons, the decision of the trial court is

Affirmed.

Judges LEWIS and WALKER concur.