MICHAEL RAY GARLOCK v. GLENN HENSON AND WAYNE PHILLIPS

No. 9224DC657

(Filed 5 October 1993)

1. **Appeal and Error § 446 (NCI4th)— averment in answer— contrary argument on appeal not permitted**

Defendant's contention that the trial court erred by concluding that the codefendants were not partners in an action seeking payment of an amount owed under a contract and damages for unfair or deceptive practices was not heard on appeal because defendant averred in his answer that no partnership existed. He could not argue to the contrary on appeal.

**Am Jur 2d, Appeal and Error §§ 726-729.**

2. **Unfair Competition § 1 (NCI3d)— unfair and deceptive practices—breach of contract—aggravated conduct**

The trial court did not err by awarding damages on an unfair or deceptive practices claim where plaintiff and defendants entered into a contract for the sale of plaintiff's bulldozer under which plaintiff was to receive $7,642.40 as the balance of the purchase price when the bulldozer was sold; plaintiff's evidence showed that defendant Henson repeatedly denied the sale of the bulldozer when he knew it had been sold and supports a finding that defendant forged a bill of sale in an attempt to extinguish plaintiff's ownership interest in the bulldozer; and, through his conduct, defendant deprived plaintiff for three years of money he was unquestionably entitled to receive. Although defendant contends that plaintiff established only a breach of contract, a breach of contract may violate N.C.G.S. § 75-1.1 when accompanied by aggravating circumstances. While defendant argued that the misleading statements did not cause additional damages because plaintiff ultimately received the amount due under the contract, this was a continuous transaction rather than two distinct occurrences. It does not matter that the same set of facts also constitutes a breach of contract; plaintiff's arguments are treated as an election of damages for unfair and deceptive practices.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 695.**

**3. Unfair Competition §· 1 (NCI3d)— unfair or deceptive practices — attorney fees — findings**

The trial court correctly awarded attorney fees, and the case was remanded for award of a reasonable attorney fee for the appeal, in an unfair or deceptive practices action where defendant Henson contended that the court did not make sufficient findings to support the award, but the court found that defendant willfully committed the acts charged and that there was an unwarranted refusal to settle. Those findings are sufficient to support the award under N.C.G.S. § 75-16.1.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 711.**

Appeal by defendant from judgment entered 3 March 1992 by Judge Alexander Lyerly in Watauga County District Court. Heard in the Court of Appeals 6 July 1993.

Plaintiff and defendants apparently entered into two separate contracts on 14 September 1987 — one for the sale of plaintiff's dump truck, lowboy trailer, loader, and backhoe, and the other for the sale of plaintiff's bulldozer. A bill of sale showed that defendants paid plaintiff in full for the dump truck, trailer, loader, and backhoe. In a separate writing however, defendants agreed to assume the loan on the bulldozer and to sell it. Pursuant to this writing, plaintiff was to receive $7,642.40 as the balance of the purchase price when the bulldozer was sold. There is disagreement over whether or not Phillips knew about the obligation to pay plaintiff the additional sum after the sale of the bulldozer and whether or not the contract contained that obligation when Phillips signed it. Henson, however, acknowledged the obligation.

On 26 September 1988, defendants sold the bulldozer but did not tell plaintiff. Before the sale, Phillips learned of the contractual provision relating to the additional sum, but he believed Henson alone owed the money to plaintiff. Plaintiff asked Phillips twice if the bulldozer was sold, and Phillips told plaintiff to talk to Henson about it. Plaintiff called Henson practically every month for three years to ask him if the bulldozer was sold. Henson continually misled plaintiff after the bulldozer was sold and thereby avoided paying the additional sum due under the contract.

Finally, in September 1991, plaintiff saw the bulldozer on a car lot in another county and discovered that Phillips and Henson

had sold it. Plaintiff called Henson again and made a tape recording of him denying that the bulldozer had been sold. Subsequently, plaintiff filed this action seeking payment of the amount owed to him under the contract and damages for unfair and deceptive trade practices.

Plaintiff alleged that defendants were partners, but both defendants denied the existence of a partnership. At the close of plaintiff's evidence, the court directed a verdict for Phillips on the unfair and deceptive trade practices claim and reserved ruling on the partnership issue. The court ultimately concluded that defendants were not partners and entered judgment for Phillips. The court concluded that Henson was liable to plaintiff for the remainder of the contract price and for unfair and deceptive trade practices. The court then trebled plaintiff's damages and awarded attorney fees. Defendant Henson appeals.

*Chester E. Whittle, Jr. for plaintiff appellee.*

*Jan W. Lamm for defendant appellee Phillips.*

*Steven E. Lacy for defendant appellant Henson.*

ARNOLD, Chief Judge.

[1]  In his first argument, defendant contends that the trial court erred in concluding that he and defendant Phillips were not partners. We do not address this argument because defendant averred in his answer that no partnership existed and cannot now argue to the contrary. This portion of the trial court's judgment will, therefore, not be disturbed.

[2]  Defendant next argues that the trial court erred in determining that defendant's conduct constituted unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 (1988). Defendant contends that plaintiff established only a breach of contract, and a mere breach of contract cannot be a violation of G.S. § 75-1.1. In *Branch Banking and Trust Co. v. Thompson,* 107 N.C. App. 53, 418 S.E.2d 694, *disc. review denied,* 332 N.C. 482, 421 S.E.2d 350 (1992), however, this Court indicated that when accompanied by aggravating circumstances a breach of contract may violate G.S. § 75-1.1. *Id.* at 62, 418 S.E.2d at 700. *See also Bartolomeo v. S.B. Thomas, Inc.,* 889 F.2d 530, 535 (4th Cir. 1989) (recognizing that substantial aggravating circumstances would justify the treble

damages recovery under G.S. § 75-1.1 and intimating that deception surrounding the breach would suffice).

Plaintiff's evidence showed that defendant repeatedly denied the sale of the bulldozer when he knew it had been sold. In addition, the evidence supports a finding that defendant forged a bill of sale in an attempt to extinguish plaintiff's ownership interest in the bulldozer. Through his conduct, defendant deprived plaintiff for three years of money he was unquestionably entitled to receive. Defendant's conduct in this matter was sufficiently aggravating to support the trial court's conclusion that defendant violated G.S. § 75-1.1. *See Foley v. L & L Int'l, Inc.*, 88 N.C. App. 710, 364 S.E.2d 733 (1988) (when defendant contracted to acquire a car and continually misled plaintiff into believing the car was on its way when it had not even been ordered, facts supported claims for breach of contract and unfair and deceptive trade practices).

Defendant further argues that plaintiff did not show he was injured by defendant's deception, and therefore no claim exists under G.S. § 75-1.1. The basis of defendant's argument is that because plaintiff ultimately received the amount due under the contract, defendant's misleading statements did not cause additional damages but only delayed recovery. On that ground, defendant argues that plaintiff may not maintain an action for unfair and deceptive trade practices because plaintiff suffered no actual injury from the deceptive conduct. We disagree with defendant's perception of this case.

Defendant attempts to divide this case into two distinct occurrences, as if the breach of contract is separate from the conduct which aggravated the breach, when in fact we have a continuous transaction that amounts to unfair and deceptive trade practices. It does not matter that the same set of facts also constitutes a breach of contract. "Where the same course of conduct gives rise to a traditionally recognized cause of action, as, for example, an action for breach of contract, and as well gives rise to a cause of action for violation of G.S. 75-1.1, damages may be recovered either for the breach of contract, or for violation of G.S. 75-1.1 . . . ." *Marshall v. Miller*, 47 N.C. App. 530, 542, 268 S.E.2d 97, 103 (1980), *modified and aff'd*, 302 N.C. 539, 276 S.E.2d 397 (1981). *See also Canady v. Mann*, 107 N.C. App. 252, 419 S.E.2d 597 (1992), *disc. review improvidently allowed*, 333 N.C. 569, 429 S.E.2d 348 (1993). We treat plaintiff's arguments as an election of damages

GARLOCK v. HENSON

[112 N.C. App. 243 (1993)]

for unfair and deceptive trade practices and affirm the portion of the trial court's order awarding damages on that claim.

[3] Defendant finally argues that the trial court did not make sufficient findings of fact to support the award of attorney fees. We disagree.

N.C. Gen. Stat. § 75-16.1 provides that the trial judge may allow a reasonable attorney fee to the prevailing party if the judge finds that "[t]he party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit." The trial court did find that defendant willfully committed the acts charged and that there was an unwarranted refusal to settle. These findings are sufficient to support the award under G.S. § 75-16.1. Contrary to defendant's argument, there is ample evidence to support the finding that defendant's failure to pay the claim was unwarranted. We therefore affirm the award of attorney fees.

Because plaintiff is entitled to attorney fees for time spent protecting his judgment, *Cotton v. Stanley*, 94 N.C. App. 367, 370, 380 S.E.2d 419, 422 (1989); *City Fin. Co. v. Boykin*, 86 N.C. App. 446, 450, 358 S.E.2d 83, 85 (1987), we remand this case for a determination and award of a reasonable attorney fee for time spent defending this appeal.

Affirmed in part and remanded in part.

Judges COZORT and MARTIN concur.