WALTER O. MELVIN, PLAINTIFF v. LINDA D. MILLS-MELVIN, DeLYLE M. EVANS, JACK J. ALLEN AND ORA A. ALLEN, DEFENDANTS

No. COA96-1278

(Filed 17 June 1997)

**Husband and Wife § 23 (NCI4th)— wife's separate property— conveyance without husband's joinder**

A wife who owned property in her own name could convey that property without the joinder or permission of her husband. However, in the event that the nonowner husband survives the wife, the conveyed property is subject to the husband's elective life estate. N.C.G.S. § 52-2.

**Am Jur 2d, Husband and Wife §§ 73 et seq.**

Appeal by plaintiff from orders filed 8 July 1996 and 16 July 1996 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 21 May 1997.

*Walter O. Melvin, pro se, plaintiff-appellant.*

*Perry & Brown, by Stephanie J. Brown, for defendant-appellee Linda D. Mills-Melvin, and Mattox, Davis & Barnhill, P.A., by Gary B. Davis, for defendants-appellees Jack J. Allen and Ora A. Allen.*

*No brief filed by defendant-appellee DeLyle M. Evans.*

MELVIN v. MILLS-MELVIN

[126 N.C. App. 543 (1997)]

GREENE, Judge.

Walter O. Melvin (plaintiff) appeals: (1) the denial of his motion to continue a 8 July 1996 hearing resulting in the dismissal of his case against all parties; (2) the dismissal of his complaint seeking to set aside a deed executed by Linda D. Mills-Melvin (Ms. Mills-Melvin), his wife, to Jack J. Allen and Ora A. Allen (collectively Allens); and (3) the dismissal of his claim against DeLyle M. Evans (Mr. Evans), for fraudulently preparing the deed to these parcels of land as Ms. Mills-Melvin's attorney.

On 14 December 1995 Ms. Mills-Melvin executed a general warranty deed to the Allens. At the time of the deed's execution Ms. Mills-Melvin was married and living with the plaintiff, who did not sign the general warranty deed. The deed to the property was solely in Ms. Mills-Melvin's name.

On 17 June 1996 the plaintiff was served with notice of a hearing to be held on 8 July 1996 to dismiss the complaint, for entry of summary judgment and judgment on the pleadings. On 1 July 1996 the plaintiff filed a motion with the trial court to continue the hearing on all of the defendants' motions alleging that he was not given timely notice of the hearing. The trial court did not rule on plaintiff's motion for a continuance prior to 8 July 1996 when the trial court also heard arguments on a motion to dismiss made by Mr. Evans, a motion for summary judgment by the Allens, and a motion for summary judgment, and a motion for a judgment on the pleadings in the alternative (Rule 12(c)) by Ms. Mills-Melvin. Neither the plaintiff nor his counsel appeared at the 8 July 1996 hearing. At the hearing the trial court judge asked the parties present if anyone wanted the proceedings to be recorded, and no one responded affirmatively. The trial judge proceeded to rule on the motions without recording the proceedings. At the hearing the trial judge granted Ms. Mills-Melvin's and the Allens' motions for summary judgment and Mr. Evan's motion to dismiss and denied plaintiff's motion for continuance.

_____

The issue is whether Ms. Mills-Melvin's conveyance of her property without the signature of her husband (the plaintiff) was a valid transfer of property.

A married person may convey her separate property to another without permission from or joinder of her spouse. N.C.G.S. § 52-1 (1991); N.C.G.S. § 52-2 (1991). In the event, however, the other spouse (non-owner spouse) survives the owner spouse, the conveyed property is

subject to the non-owner spouse's elective life estate. *Taylor v. Bailey*, 49 N.C. App. 216, 218, 271 S.E.2d 296, 298 (1980), *appeal dismissed*, 301 N.C. 726, 274 S.E.2d 235 (1981); N.C.G.S. § 29-30 (1984). There is no basis in law for setting aside a deed made by an owner spouse simply because the non-owner spouse did not join in the conveyance.

In this case, Ms. Mills-Melvin owned the property in her own name at the time she conveyed it to the Allens. She had the right to convey that property without the joinder or permission of her husband. N.C.G.S. § 52-2. The trial court thus correctly dismissed the plaintiff's complaint seeking to set aside the conveyance and the companion action against the attorney who drafted the deed. Because the complaint was correctly dismissed on these grounds no claim for relief has been stated, any error in not recording the hearing was not prejudicial. We also affirm the trial court's denial of plaintiff's motion to continue as there is no showing that the trial court abused its discretion. *See Wachovia Bank & Tr. Co. v. Templeton Olds.-Cadillac-Pontiac*, 109 N.C. App. 352, 358, 427 S.E.2d 629, 632 (1993) (motions to continue are in discretion of trial court).

Affirmed.

Judges JOHN and WALKER concur.