INTERNATIONAL THOMSON
PUBLISHING, INC.,
Plaintiff,

v.

SOFTQUAD INTERNATIONAL, INC.,
and Softquad, Inc., Defendants.

No. 5:97–CV–245–BO(3).

United States District Court,
E.D. North Carolina,
Western Division.

Feb. 19, 1998.

Stephen D. Coggins, Parker, Poe, Adams & Bernstein, Raleigh, NC, for International Thomson Publishing, Inc.

## ORDER

BOYLE, Chief Judge.

This matter is before the Court on Defendants' Motion for Relief from a prior entry of default judgment and Plaintiff's Motion for default judgment and attorney fees. Upon review of the parties' motions and arguments, the Court will deny Defendants' motion for relief from the earlier-entered default judgment (on Plaintiff's first claim for relief), and will deny Plaintiff's motion for default judgment and attorney fees on Plaintiff's second claim for relief.

## BACKGROUND

The underlying action was filed on April 16, 1997, by Plaintiff International Thomson Publishing, Inc., the successor in interest to Ventana Communications Group (hereinafter collectively "Ventana"), to recover on a contract between Ventana and Defendants Softquad International, Inc., and Softquad, Inc. (collectively "Softquad"), Canadian corporations. Ventana obtained service of process on June 10, 1997, pursuant to the Hague Convention for Service Abroad of Judicial or Extrajudicial Documents. Softquad's time to respond to the Complaint expired on June

30, 1997; Softquad did not respond to the Complaint, request an extension to time to respond, or otherwise appear in the case.

Since August 1995, Ventana and Softquad had been parties to an agreement by which Ventana agreed to manufacture, market, promote, sell, and distribute certain Softquad software products. The contract was executed by Kip Frey ("Frey"), a Ventana executive, and David Gurney ("Gurney"), then the chief executive officer of Softquad. An amended agreement was circulated in February of 1996, and although it was never signed by Softquad, the parties apparently performed under the amended terms.

In 1996 and early 1997 disagreements arose as to the parties' respective obligations under their agreement. During that period the parties apparently tried to resolve the dispute, but Ventana filed the Complaint initiating this action on April 16. After process was served on June 10, 1997, Frey had several telephone discussions with Gurney regarding the amounts allegedly owed by Softquad to Ventana. Sandra Cowan ("Cowan"), Softquad's corporate solicitor, was a party to some or all of these conversations. Softquad did not take any steps to retain local counsel or otherwise indicate that it intended to defend the lawsuit.

On August 12, 1997, Frey wrote to Gurney, informing him of the basis for Ventana's claims and notifying Softquad that Ventana still hoped to resolve the dispute amicably and had instructed its counsel not to seek a default judgment prior to September 1997. Ventana heard no reply from Softquad until Cowan left a voice-mail message for Frey during the last week of August 1997. Cowan informed Frey that Softquad's internal management was undergoing a restructuring and that they wanted more time to respond to Ventana's settlement proposal.

Frey unsuccessfully attempted to contact Cowan and Gurney about the matter, but could not reach Cowan and was informed that Gurney was no longer Softquad's chief executive officer. Frey did leave a message for Gurney inquiring about who he should speak with regarding the Complaint. Meanwhile, Ventana's attorneys made a motion for entry of default judgment on September 2,

1997. Default judgment was entered on Plaintiff's first claim for relief on September 15, and Cowan received a copy of the Default Judgment with a letter from Ventana's attorneys on September 25, 1997. Cowan then advised Ventana's attorneys of Softquad's intent to contest the default judgment.

On October 15, 1997, Defendants retained local counsel in Raleigh, North Carolina. On that same day, Ventana filed its Motion for Default Judgment on its second claim for relief, based on Chapter 75 of the North Carolina General Statutes, and for Attorneys Fees. On October 22, Defendants filed a Motion to Extend Time to Reply to Ventana's motion for entry of a default judgment. At around the same time, International Thomson Publishing, the parent company of Ventana, announced that it would close the Ventana division in North Carolina. As of the beginning of this year, Ventana has no current employees still in North Carolina.

Softquad concurrently filed the instant motion for relief from the default judgment on Ventana's first claim for relief, and a response to Ventana's motion for default judgment on the second claim for relief on November 18, 1997. The parties have fully briefed the issues and these motions are ripe for disposition.

### ANALYSIS

I. *Relief from Default Judgment on Plaintiff's First Claim*

Rule 55(c) of the Federal Rules of Civil Procedure allows the court, "[f]or good cause shown," to "set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The Fourth Circuit has elucidated the requirements to obtaining relief from a default judgment under Rule 60(b): "[I]n order to obtain relief from a judgment under Rule 60(b), a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir.1987). If the party makes this showing, he must also satis-

fy one of the six grounds for relief set forth in Rule 60(b), including, (1) mistake, inadvertence, surprise or excusable neglect, and (6) any other reason justifying relief from the operation of the judgment. *Id.*

Before examining whether Defendants' motion for relief from the default judgment was timely, sets forth a meritorious defense, and would not prejudice Ventana, this Court will examine whether Softquad has satisfied any of the grounds for relief specified in Rule 60(b)(1) or (6). While Rule 60(b)(1) allows relief when the entry of default judgment for "mistake, inadvertence, surprise, or excusable neglect" by the movant, it does not decrease the importance of the underlying deadlines and rules themselves. Rule 60(b)(1) does not exist to immunize the inexcusable delay of a defendant to an action, nor does it contemplate a post facto remedy for the careless ignorance of legal process in the federal courts.

■ In deciding motions for relief from default judgments, courts must consider the "strong preference for deciding cases on the merits against countervailing interests in finality and in preserving the court's ability to control its docket." *Heyman v. M.L. Marketing Co.*, 116 F.3d 91, 94 (4th Cir.1997). The Fourth Circuit has explained that there are two analytical approaches under Rule 60(b) in cases of default: "(1) those that involve a blameless party and a blameworthy attorney, and (2) those that involve a blameworthy party." *Id.*

■ In the instant case, Defendants simply cannot offer a showing of why they were "justified in failing to avoid mistake or inadvertence." *Park Corp.*, 812 F.2d at 896 (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2858, at 170 (1973)). During the period between the filing of the Complaint and the entry of the default judgment, neither Gurney nor Cowan, nor anybody else at Softquad, informed Ventana that Softquad intended to contest the action. These parties made no more than cursory efforts to respond to the charges or settle the matter in a timely fashion. Defendants' argument that the corporate restructuring of Softquad excuses these failures is without merit. Gurney never informed Frey or Ventana that responsibility for overseeing this matter had been transferred to others at Softquad.

Softquad argues that Cowan identified herself as outside counsel, despite Frey's assertion that he was not aware that Softquad had retained outside counsel. This is immaterial. Softquad waited until a month after the entry of default judgment on Ventana's first claim for relief to retain local counsel and file a document in this matter. Softquad cannot shift the blame for its failure to respond to the Complaint; blame for this failure rests squarely on the party itself.

■ Defendants' contention that the default judgment should be vacated because they had previously made an implicit "appearance" in the matter and were thus entitled to notice of the entry of default under Rule 55(b) is similarly without merit. Rule 55(b)(1) provides that the clerk shall enter a judgment for a sum certain claim "if the defendant has been defaulted for failure to appear...." Courts have broadly construed the word "appear," allowing "appearances by implication" when there is an "objective manifestation of intent on the part of the defendant or counsel to defend the action." *Trust Co. Bank v. Tingen–Millford Drapery Co., Inc.*, 119 F.R.D. 21, 22 (E.D.N.C.1987).

Defendants did not even satisfy this generous standard. Softquad never filed a responsive pleading, nor did it seek an extension of time to do so. Cowan, Softquad's Canadian outside counsel, merely informed Ventana that Softquad was busy with its corporate reorganization and would need more time to respond to Ventana's requests. This contact only took place at the end of August. These perfunctory contacts do not satisfy the appearance requirement of Rule 55. Softquad never manifested an interest in defending itself against Ventana's Complaint, and offers no acceptable excuse for its failure to do so. Similarly, Softquad can show no "other reason justifying relief from the operation of the judgment" under Rule 60(b)(6).

This Court can therefore rule against Defendants' Rule 55 Motion for Relief from the default judgment as to Plaintiff's first claim without considering whether the motion was

timely filed, asserts a meritorious defense, and does not prejudice the non-moving party. Softquad has failed to satisfy the prerequisites for relief under Rule 60(b), and its motion for relief from the judgment must be denied.

## II. Plaintiff's Motion for Default Judgment on the Second Claim

Ventana claims that Softquad's failure to perform under the agreement between the parties constitutes an unfair and deceptive trade practice under North Carolina law. The disputed conduct includes Softquad's alleged failure to reimburse Ventana for marketing expenses to promote the Softquad products which Ventana was distributing under the agreement. The agreement requires to Softquad to reimburse Ventana for marketing expenses approved by Softquad after the submission of a marketing plan by Ventana. Ventana now contends that Softquad wrongfully and deceptively allowed Ventana to incur marketing expenses then refused to reimburse Ventana in violation of Chapter 75 of the North Carolina General Statutes.

Default judgment has not yet been entered on this claim. On their face, Plaintiff's allegations do not establish a claim based on unfair trade practices, which requires proof of breach plus "aggravating circumstances." *See Garlock v. Henson,* 112 N.C.App. 243, 435 S.E.2d 114 (1993). Such circumstances may include the use of deception or other recklessness, fraud, or gross misconduct. *See Id.* The Court will thus set aside the entry of default on this claim and consider the claim on its merits. Defendants will be allowed to file an answer as to this claim.

### CONCLUSION

The Court hereby DENIES Defendant's Motion for Relief from the September 15, 1997, entry of default judgment on Plaintiff's first claim for relief, and ORDERS that the entry of default be set aside on Plaintiff's second claim for relief. Defendants may file an answer in response to this claim.

SO ORDERED.