GUSTAVO MEJIA VAZQUEZ, Administrator of the Estate of Tomas Mejia, Plaintiff v.
ALLSTATE INSURANCE COMPANY, Defendant

No. COA99-492

(Filed 2 May 2000)

**1. Unfair Trade Practices— insurance—contract damages
stipulated**

The trial court did not err in an unfair and deceptive trade
practices action against an insurance company by allowing the
jury to consider contract damages as an element of damages for
defendant's unfair and deceptive conduct where defendant had
stipulated to contractual liability ·after the jury verdict on negli-
gence. The holding in *Garlock v. Henson*, 112 N.C. App. 243,
makes clear that the right to the receipt of contract damages does
not eliminate plaintiff's injury under the unfair and deceptive
trade practices claim, and it makes no difference whether that
right to contract damages arises from a favorable jury verdict as
in Garlock or from a stipulation after a verdict. N.C.G.S. § 75-1.1.

**2. Unfair Trade Practices— instructions—insurance not paid**

The trial court did not err in an unfair and deceptive trade
practices action against an insurance company by instructing the
jury that defendant had not paid the policy amount. The instruc-
tion provided the jury with necessary information that reminded
jurors that they could not give defendant credit for any past
amount paid.

**3. Unfair Trade Practices— attorney fees—award correct**

The trial court did not abuse its discretion in an unfair and
deceptive trade practices action in its award of attorney fees
where defendant argued only that the award was erroneous
because the underlying result was erroneous, but that result was
held correct in this opinion, and the trial court took evidence as
to the reasonableness of the fees.

**4. Trial— continuance—denied—defendant not surprised by
witness**

The trial court did not abuse its discretion in an unfair and
deceptive trade practices action by denying defendant's motion
to continue based upon the withdrawal of plaintiff's counsel due
to his anticipated testimony against defendant. Although defend-
ant claimed to be unfairly surprised by the withdrawal and that it

did not have sufficient opportunity to prepare for his testimony, the record includes statements indicating that defense counsel expected plaintiff's counsel to testify even prior to his motion to withdraw, deposed him, and had adequate time to prepare.

Judge HORTON concurs in the result.

Appeal by defendant from judgment entered 29 September 1998 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 February 2000.

*Law Offices of Chandler, DeBrun, Fink & Hayes, by W. James Chandler and Walter L. Hart, and Charles G. Monnett, III & Associates, by Charles G. Monnett, III, for plaintiff-appellee.*

*Morris, York, Williams, Surles & Barringer, by Gregory C. York and Kevin D. Elliott, for defendant-appellant.*

EAGLES, Chief Judge.

This case concerns the amount of damages that the plaintiff may recover from the defendant insurance company in his claim for unfair and deceptive trade practices.

On 24 January 1996, Tomas Mejia was a passenger in a van driven by Oscar Trejo. Mr. Trejo's van was involved in a head-on collision with a vehicle driven by James Eric Brevard, an uninsured motorist. Mr. Mejia died in the accident and his administrator is the plaintiff in this action.

At the time of the accident, Mejia and Trejo both had insurance policies with defendant Allstate Insurance Company. Each policy provided uninsured motorist coverage in the amount of $25,000. The plaintiff commenced this action alleging that defendant Allstate improperly refused to pay under the policies. Plaintiff sought damages for breach of contract and unfair and deceptive trade practices.

The trial court trifurcated the trial. Phase I dealt with the wrongful death claim against Mr. Brevard. Phase II addressed plaintiff's claim for unfair and deceptive trade practices. Finally, in Phase III, the jury considered plaintiff's claim for punitive damages.

At the end of Phase I the jury determined that Mr. Brevard's negligence caused Mejia's death. Additionally, the jury concluded that the plaintiff sustained $104,003.00 in damages. After the verdict,

defendant stipulated that the plaintiff was entitled to payment under any Allstate insurance policy in effect at the time of the accident. Later, the trial court ruled that the plaintiff could stack the uninsured motorist coverage of the Trejo and Mejia policies.

Following the presentation of evidence in Phase II, the trial court submitted a set of special interrogatories to the jury. In answering these questions, the jurors concluded that the defendant had refused to settle the plaintiff's claim in bad faith. Furthermore, the jury determined that the defendant had failed to adjust the plaintiff's loss fairly, follow its own standards, act reasonably in communications, conduct a reasonable investigation and to effect a fair settlement in good faith. The trial court used these answers as support for its ruling that the defendant had committed unfair and deceptive trade practices. The jurors concluded that defendant had damaged plaintiff in the amount of $29,160 for the acts constituting unfair and deceptive trade practices and for the defendant's bad faith refusal to settle. In Phase III, the jurors denied plaintiff's claim for punitive damages.

After the completion of Phase III, the trial court determined that the three jury awards were mutually inconsistent and put the plaintiff to an election of remedies. The trial court made the following relevant conclusions of law:

1. That from the orders of the Court and the jury verdicts as recited above, the Plaintiff is entitled to recover under one of the three causes of action:

A. $50,000.00 plus costs and expert witness fees upon a cause of action for breach of contract.

B. $29,160.00 upon a cause of action for bad faith.

C. $29,160.00 trebled for unfair and deceptive trade practices by Allstate Insurance Company, plus costs, expert witness fees and attorneys fees.

. . . .

3. The plaintiff has elected a recovery upon a cause of action for unfair and deceptive trade practices, specifically $29,160.00 trebled to $87,480.00, plus costs, expert witness fees and attorney fees as is herein after ordered.

Additionally, the trial court awarded the plaintiff $87,480.00 in attorney fees.

**[1]** First, defendant claims that the trial court erred by allowing the jury to consider the contract damages as an element of damages for defendant's unfair and deceptive conduct. In order to prove an unfair and deceptive trade practice, the plaintiff must show that the defendant committed an unfair or deceptive act or practice, in or affecting commerce, and that plaintiff sustained an actual injury. *Murray v. Nationwide Mutual Ins. Co.*, 123 N.C. App. 1, 13, 472 S.E.2d 358, 365 (1996), *disc. review denied*, 345 N.C. 344, 483 S.E.2d 172 (1997) (citation omitted). Defendant argues that the plaintiff failed to show that he sustained an actual injury because of the defendant's stipulation at the end of Phase I. According to the defendant, the plaintiff could recover what the policy entitled him to because the defendant stipulated to contractual liability after the jury verdict. Therefore, defendant claims that its stipulation eliminated any actual injury that the plaintiff suffered because of the defendant's unfair and deceptive trade practices. We disagree and affirm the trial court.

In analyzing this issue, we find *Garlock v. Henson*, 112 N.C. App. 243, 435 S.E.2d 114 (1993) instructive. In *Garlock*, the case centered around the plaintiff's breach of contract action against the defendant. Pursuant to the contract, the defendant was obligated to pay the plaintiff a specified sum if the defendant sold a certain bulldozer to a party other than the plaintiff. *Id.* at 244, 435 S.E.2d at 115. The defendant did sell the bulldozer to a third party and actively concealed the sale from the plaintiff for three years. *Id.* Upon his discovery of the sale, the plaintiff filed an action against the defendant. *Id.* at 245, 435 S.E.2d at 115. The trial court granted the plaintiff unfair and deceptive trade practice damages. *Id.*

On appeal, defendant argued that the plaintiff failed to show that he suffered any actual injury. *Id.* at 246, 435 S.E.2d at 116. The basis of defendant's position was that the plaintiff would ultimately receive the contract price after the plaintiff conducted his breach of contract action successfully. *Id.* Therefore, defendant contended that his actions did not injure the plaintiff other than to delay his recovery of the contract price. *Id.* This Court disagreed stating that the plaintiff could elect to recover unfair and deceptive trade practice damages despite the favorable result that plaintiff received on the breach of contract action. *Id.*

In light of *Garlock*, defendant cannot now successfully suggest that by stipulating to pay the contract damages after a determination of liability he has eliminated the plaintiff's injury. Defendant's course of conduct gave rise to both the breach of contract claim and the

unfair and deceptive trade practices claim. Where the same course of conduct gives rise to both claims, the plaintiff may recover under either the breach of contract action or the action under G.S. § 75-1.1 (1999). *Garlock*, 112 N.C. App. at 246, 435 S.E.2d at 116. If plaintiff elects to recover under G.S. § 75-1.1, the defendant cannot prevent that recovery by stipulating to pay damages for the breach of contract claim. The *Garlock* holding makes clear that the right to the receipt of contract damages does not eliminate plaintiff's injury under the unfair and deceptive trade practices claim. *Id.* We hold that it makes no difference whether that right to contract damages arises from a favorable jury verdict as in *Garlock* or from a stipulation after a jury verdict as happened here. Accordingly, we hold that the trial court correctly allowed the jury to consider the contractual damages as an element for the unfair and deceptive trade practices claim.

We note that G.S. § 75-1.1 is partially punitive in nature. *Marshall v. Miller*, 302 N.C. 539, 546, 276 S.E.2d 397, 402 (1981). The award of treble damages seeks to deter the guilty parties from future misconduct. *United Laboratories, Inc. v. Kuykendall*, 335 N.C. 183, 190, 437 S.E.2d 374, 379 (1993). Had we accepted the defendant's argument, this punitive purpose would have suffered tremendously. The defendant's contention would encourage misconduct by insurance companies, rather than discourage it. Under the defendant's assertion, insurance companies would have no incentive to settle legitimate claims before a jury verdict. Rather, the defendant could simply take its chances with a jury and then avoid treble damages by stipulating to contractual liability should the jury find for the plaintiff. This method would eliminate the brunt of any damages that the plaintiff could recover under Chapter 75.

Finally, the defendant has placed great reliance on the case of *Murray v. Nationwide Mutual Ins. Co.*, 123 N.C. App. 1, 472 S.E.2d 358 (1996), *disc. review denied*, 345 N.C. 344, 483 S.E.2d 172 (1997). In *Murray*, the plaintiff obtained a judgment for breach of an insurance contract. The defendant paid most of the judgment but refused to pay interest on the judgment. *Id.* at 5, 472 S.E.2d at 360. The plaintiff then instituted an unfair and deceptive trade practices action for the **defendant's conduct after the judgment.** *Id.* This Court held that the plaintiff could seek damages for unfair and deceptive trade practices. *Id.* at 12-13, 472 S.E.2d at 364-65. Specifically, this Court stated that the plaintiff could pursue damages for prejudgment and postjudgment interest and for the unpaid amount of the judgment. *Id.*

Defendant claims that this case presents the same situation as *Murray*. We disagree. In *Murray*, the plaintiff did not allege that the defendant had engaged in unfair and deceptive conduct until after the defendant had paid part of the judgment. The plaintiff in *Murray* instituted his unfair and deceptive trade practice action so that he could recover the interest on the breach of contract claim. The prejudgment and postjudgment interest were the only possible damages that the plaintiff could recover in *Murray*. *Id.* Here the unfair and deceptive trade practice claim centers around the defendant's action concerning payment of the policy limits. Accordingly, *Murray* does not bind us here.

[2] Next, defendant contends that the trial court erred by instructing the jury that the defendant had not paid the policy amount. Defendant claims that this instruction directed the jury to award damages for $25,000 plus interest. We disagree. The trial court's instruction did not direct the jury to award the policy amount. Rather, the instruction provided the jury with necessary information. Specifically, the instruction reminded the jurors that they could not give the defendant credit for any past amount paid. Accordingly, we find no error in the instruction.

Defendant next alleges that the trial court erred by stacking the Trejo and Mejia policies. However, the trial court put the plaintiff to an election of remedies. The plaintiff chose to recover under the unfair and deceptive trade practices claim and not under the breach of contract claim. In light of our disposition of the unfair and deceptive trade practices claim, we need not consider the stacking issue.

[3] The next issue is whether the trial court erred by awarding plaintiff $87,480 in attorneys fees. Under G.S. § 75-16.1 (1999), the trial judge may allow attorneys fees upon a finding that the party charged willfully engaged in the practice and there was an unwarranted refusal by the party to resolve the issue fully. *Garlock*, 112 N.C. App. at 247, 435 S.E.2d at 116. The decision of whether to award attorney fees is in the trial court's discretion. Here, defendant argues only that because the award for unfair and deceptive trade practices was erroneous, the award of attorneys fees must also be erroneous. Defendant makes no other arguments as to why we should reverse the award for attorneys fees. Accordingly, since we determined that the award for unfair and deceptive trade practices was without error, defendant's argument is not persuasive.

**VAZQUEZ v. ALLSTATE INS. CO.**

[137 N.C. App. 741 (2000)]

We also note that the trial court here took evidence as to the reasonableness of the attorneys fees. The court concluded that the fees were reasonable due to the attorneys' experience, positions within their respective firms, and the comparable hourly rates for attorneys in the Charlotte area. *See United Laboratories Inc.*, 335 N.C. at 195, 437 S.E.2d at 381. Based on these findings, we hold that the trial court did not abuse its discretion in its attorney fee award.

[4] Next, defendant assigns as error the trial court's denial of his motion to continue. We disagree. The grant or denial of a motion to continue is within the trial court's sole discretion. *Melvin v. Mills-Melvin*, 126 N.C. App. 543, 545, 486 S.E.2d 84, 85 (1997). Absent an abuse of that discretion, we will affirm the trial court's decision. *Id.*

Prior to trial, plaintiff's counsel, James Chandler, withdrew from the plaintiff's representation due to his anticipated testimony against the defendant. Defendant filed a motion to continue alleging that it did not have ample opportunity to prepare for Mr. Chandler's testimony. Additionally, defendant claimed that Mr. Chandler's withdrawal unfairly surprised him. The record indicates otherwise. While arguing for his motion, defense counsel repeatedly stated that "they cannot make out their case without Mr. Chandler's testimony." These statements tend to show that defense counsel expected Mr. Chandler to testify even prior to the plaintiff's motion to withdraw. Additionally, the record indicates that defense counsel deposed Mr. Chandler before the beginning of Phase II and thus had adequate time to prepare for the witness's testimony. In light of these facts, we hold that the defendant has shown no prejudice and that the trial court did not abuse its discretion. We have examined the defendant's remaining assignments of error and find them to be without merit.

For the foregoing reasons the judgment of the trial court is

Affirmed.

Judge McGEE concurs.

Judge HORTON concurs in the result.