IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-177

Filed 3 December 2025

Wake County, No. 20CVS000778-910

WILLIAM MICHAEL ROACH and JULIE G. ROACH, Plaintiffs,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION, Defendant.

Appeal by Plaintiffs from order entered 2 June 2023 by Judge Vinston M. Rozier, Jr. in Wake County Superior Court. Heard in the Court of Appeals 13 August 2024.

*Davis Hartman & Wright, LLP, by R. Daniel Gibson, for Plaintiffs-Appellants.*

*Womble Bond Dickinson (US) LLP, by B. Chad Ewing, for Defendant-Appellee.*

CARPENTER, Judge.

William M. Roach and Julie G. Roach (collectively, "Plaintiffs") appeal from the trial court's order granting summary judgment for Wells Fargo Bank, N.A. ("Defendant") on Plaintiffs' unfair and deceptive trade practices claim. On appeal, Plaintiffs argue the trial court erred in granting summary judgment in favor of Defendant. After careful review, we affirm.

**I. Factual & Procedural Background**

In December 2001, Plaintiffs purchased a lakefront home in Cornelius, North Carolina (the "Property"). In May 2003, Plaintiffs refinanced the Property through Wachovia Bank, N.A. ("Wachovia"). In the refinancing transaction, Plaintiffs

provided Wachovia with a promissory note denoting its obligations to Wachovia. Plaintiffs also granted Wachovia a lien against the Property, which was duly recorded in Mecklenburg County (the "Deed of Trust").

In December 2008, Defendant acquired Wachovia via merger and assumed control over Plaintiffs' obligations to Wachovia. In 2009, Plaintiffs began to experience financial difficulties and struggled to maintain their payment obligations for the Property. In 2011, Plaintiffs applied for a loan modification and Defendant modified their loan. After the 2011 modification, however, Plaintiffs submitted four additional modification applications: two in 2014, one in 2017, and one in 2018. Defendant denied all four applications.

After Plaintiffs defaulted, Defendant sought to foreclose under the terms of the Deed of Trust. In 2015, the trial court entered an order allowing foreclosure on the Property. On 17 December 2015, Plaintiffs received a notice of foreclosure and notice of the 19 January 2016 sale date for the Property. On 4 January 2016, Plaintiffs were contacted by Defendant's representative, a Home Preservation Specialist, who advised they could contact him if they needed assistance. On 5 January 2016, Plaintiffs contacted Defendant to discuss their options and were informed that the deadline to request assistance had passed the day prior.

Subsequently, Plaintiffs' counsel contacted Defendant about the outstanding obligations on the Property. Defendant informed Plaintiffs that their loan default could be cured and mortgage reinstated by remitting a payment of $105,335.86.

Additionally, Defendant instructed Plaintiffs that to request a sale postponement, Plaintiffs needed to send proof of funds and a gift letter to Defendant by fax. Defendant advised Plaintiffs that if they submitted the appropriate documentation, the foreclosure sale would not continue while the documents were under review.

On 18 January 2016, Plaintiffs' counsel faxed Defendant a "formal sale postponement request." The cover page of the fax stated that a gift letter and proof of funds were included in the fax. The "gift letter" was a copy of an email from Tom Sides and Laura Graybeal, individuals who were considering a loan to Plaintiffs to satisfy the requisite payoff. The email stated:

> To: Wells Fargo
>
> We are actively investigating supplying the funds in the amount of $105,335.86 to [Plaintiffs], our brother-in-law and sister, to be applied to cure their mortgage arrearage regarding the [P]roperty . . . . The source of the funds is our personal savings.
>
> Signed,
>
> Tom Sides and Laura Graybeal

Attached to the email was a one-page screen shot of the balance of Sides and Graybeal's TD Ameritrade account, which contained sufficient funds to cover the balance. On 19 January 2016, the date of the sale, Plaintiffs' counsel called Defendant about the status of the postponement request. Defendant indicated the documents were "illegible" so Plaintiffs' counsel resubmitted documents at 11:38 a.m.,

including a similar cover page, the same "gift letter," and an additional nine pages containing information about Sides and Graybeal's TD Ameritrade account.

On 20 January 2016, Plaintiffs' counsel again called Defendant to check the status of the postponement request. Defendant informed counsel that the request had been denied, and the Property had sold at the scheduled foreclosure sale the day prior. On 26 January 2016, Plaintiffs' counsel called Defendant to inquire about a reinstatement quote.[1] Defendant responded that Plaintiffs could not obtain a reinstatement quote because a third-party was "the high bidder at Plaintiffs' foreclosure sale." As a result, Plaintiff-Julie filed for Chapter 13 bankruptcy to avoid losing the Property.

On 16 January 2020, Plaintiffs filed a complaint against Defendant for unfair and deceptive trade practices. Plaintiffs alleged that Defendant made a false representation when it "advised the [P]laintiffs that upon the submission of 'the required documentation,' the foreclosure sale would not be conducted while the documents were being reviewed." Further, "[P]laintiffs' expressed intention and desire to cure the default and maintain possession and ownership of their [Property]"

---

[1] "The statutory right to redemption provides that a debtor may terminate the power of sale by tendering the remaining obligation secured by the deed of trust and expenses incurred in the sale of the property . . . within the upset bid period." *Lynn v. Fed. Nat. Mortg. Ass'n*, 235 N.C. App. 77, 81 n.4, 760 S.E.2d 372, 375 n.4 (2014).

but Defendant proceeded with the foreclosure sale. In response, Defendant moved for summary judgment on 6 April 2023, arguing that

> Plaintiffs' claim fails as a matter of law because the documents submitted by Plaintiffs do not qualify as proof of funds or a gift letter on their face. The "letter" does not state that anyone has or will make a gift of any funds to Plaintiffs. The proof of funds shows that the alleged funds were in a third party's SEP IRA account and were not funds owned by, controlled by, or available for Plaintiffs' use.

During a 10 May 2023 deposition, Plaintiff-Julie mentioned another potential unfair or deceptive act committed by Defendant. She asserted that Defendant's refusal to allow the reinstatement of the mortgage pursuant to paragraph 16 of the Deed of Trust—"Borrower's Right to Reinstate"—during the ten-day upset bid period following the foreclosure sale constituted an unfair and deceptive trade practice.

On 15 May 2023, the trial court held a hearing on Defendant's motion. At the hearing, the trial court heard the parties' arguments on whether Defendant committed unfair and deceptive trade practices when it: (1) proceeded with the foreclosure sale, despite Plaintiffs' submission of the gift letter and proof of funds; and (2) refused to allow Plaintiffs to reinstate the loan following the sale, even though the Deed of Trust provided a right of reinstatement. During the hearing, Plaintiffs' counsel moved for summary judgment in favor of Plaintiffs. Ultimately, on 2 June 2023, the trial court entered an order granting Defendant's motion for summary judgment.

In granting Defendant's motion for summary judgment, the trial court held that Defendant did not commit an unfair or deceptive act when it failed to cancel the foreclosure sale because Plaintiffs "did not provide the required gift letter." The trial court further held that neither of the two emails constituted a "gift letter." Finally, the trial court held that Plaintiffs had no right to reinstate their mortgage through the Deed of Trust, and even assuming they did, Defendants did not commit an unfair or deceptive act by refusing to reinstate Plaintiffs' mortgage during the upset bid period pursuant to the Deed of Trust. On 29 June 2023, Plaintiffs filed notice of appeal.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(1) (2023).

## III. Issue

The issue is whether the trial court erred in granting summary judgment in favor of Defendant.

## IV. Analysis

Plaintiffs argue the trial court erred in granting summary judgment in favor of Defendant because: (1) Defendant acted unfairly and deceptively when it sold the Property at foreclosure despite representations to the contrary; (2) Defendant unfairly and deceptively deprived Plaintiffs of their right to reinstate the mortgage; and (3) the interpretation of Plaintiffs' gift letter raises a genuine issue of material fact. We disagree.

### A. Standard of Review

We review appeals from summary judgment orders de novo. *N.C. Farm Bureau Mut. Ins. Co., Inc. v. Herring*, 385 N.C. 419, 422, 894 S.E.2d 709, 712 (2023). "'Under a *de novo* review, [this Court] considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *Craig ex rel. Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

A trial court should grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2023). "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action . . . . The issue is denominated 'genuine' if it may be maintained by substantial evidence." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972).

At summary judgment, the movant "bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002). "If the movant successfully makes such a showing, the burden then shifts to the nonmovant to come forward with specific facts establishing the presence of a genuine factual dispute for trial." *Id.* at

579, 573 S.E.2d at 124 (citing *Lowe v. Bradford*, 305 N.C. 366, 369–70, 289 S.E.2d 363, 366 (1982)).

"When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001) (citation omitted). At the summary judgment stage, a trial court's duty "is strictly confined to determining whether genuine issues of material fact exist and does not extend to resolving such issues." *Pennington*, 356 N.C. at 579, 573 S.E.2d at 124; *see also Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) ("The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact.").

## B. Unfair and Deceptive Trade Practices

The purpose of the Unfair and Deceptive Trade Practices Act is to "provide a civil means to maintain ethical standards of dealings between persons engaged in business and the consuming public in this State, and it applies to dealings between buyers and sellers at all levels of commerce." *Bhatti v. Buckland*, 328 N.C. 240, 245, 400 S.E.2d 440, 443–44 (1991) (cleaned up); N.C. Gen. Stat. § 75-1.1 (2023). To demonstrate a violation of section 75-1.1, a plaintiff must prove: "(1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or to his business." *Furr v. Fonville Morisey Realty, Inc.*, 130 N.C. App. 541, 551, 503 S.E.2d 401, 408 (1998) (citation omitted).

"[A]ctions for unfair or deceptive trade practices are distinct from actions for breach of contract[;] a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [section 75-1.1]." *Branch Banking & Tr. Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700 (1992). As a result, after establishing a breach, a plaintiff must make a showing of "substantial aggravating circumstances that attend the breach in order to recover under the Act." *Mitchell v. Linville*, 148 N.C. App. 71, 75, 557 S.E.2d 620, 623–24 (2001) (cleaned up); *Norman Owen Trucking, Inc. v. Morkoski*, 131 N.C. App. 168, 177, 506 S.E.2d 267, 273 (1998) ("Simple breach of contract . . . do[es] not qualify as [an] unfair or deceptive act[], but rather must be characterized by some type of egregious or aggravating circumstances before the statute applies."). "A violation of Chapter 75 is unlikely to occur during the course of contractual performance, as these types of claims are best resolved by simply determining whether the parties properly fulfilled their contractual duties." *Mitchell*, 148 N.C. App. at 75, 557 S.E.2d at 624.

Nevertheless, "unfairness or 'deception either in the formation of the contract or in the circumstances of its breach' may establish the existence of substantial aggravating circumstances sufficient to support an unfair and deceptive trade practices claim." *SciGrip, Inc. v. Osae*, 373 N.C. 409, 426, 838 S.E.2d 334, 347 (2020) (quoting *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 535 (4th Cir. 1989)). Several past cases addressing substantial aggravating circumstances

have generally involved forms of forgery or deception. *See*

> *Garlock v. Henson*, 112 N.C. App. 243, 246, 435 S.E.2d 114, 115 (1993) (finding substantial aggravating circumstances where the evidence showed "defendant repeatedly denied the sale of the bulldozer when he knew it had been sold" and "defendant forged a bill of sale in an attempt to extinguish plaintiff's ownership interest in the bulldozer"); *see also Talbert v. Mauney*, 80 N.C. App. 477, 480–81, 343 S.E.2d 5, 8 (1986) (holding "plaintiffs' allegations of wrongful and intentional harm to their credit rating and business prospects" along with allegations defendant told a potential investor "plaintiffs' credit documents were 'probably forged'" was sufficient to state a claim under the Unfair and Deceptive Trade Practices Act); *Walker v. Sloan*, 137 N.C. App. 387, 395–96, 529 S.E.2d 236, 243 (2000) (holding plaintiffs' allegations were sufficient to support a claim where defendant "attempted to break up the employee group . . . by attempting to bribe the portfolio managers into withdrawing from the group . . .; refus[ed] to participate [in negotiations] in good faith . . .; and . . . terminat[ed] the plaintiffs [from employment]").

*Chapel H.O.M. Assocs., LLC v. RME Mgmt., LLC*, 256 N.C. App. 625, 629, 808 S.E.2d 576, 579–80 (2017).

Under section 75-1.1, the first question is whether the defendant " 'committed the alleged acts, and then it is a question of law for the court as to whether these proven facts constitute an unfair or deceptive trade practice.' " *Richardson v. Bank of America, N.A.*, 182 N.C. App. 531, 540, 643 S.E.2d 410, 416 (2007) (quoting *United Lab., Inc. v. Kuykendall*, 322 N.C. 643, 664, 370 S.E.2d 375, 389 (1988)).

## 1. Failure to Postpone Foreclosure Sale

The sole contention in Plaintiffs' complaint is that Defendant falsely and deceptively misrepresented the steps necessary to delay the foreclosure sale.

Specifically, Plaintiffs allege Defendant stated that "the estimated payoff would be $105,335.86 and in order to request sale postponement, Plaintiffs needed to [fax] proof of funds and a gift letter." In their amended response to interrogatories, Plaintiffs allege Defendant advised Plaintiffs that "upon the submission of 'the required documentation,' the foreclosure sale would not be conducted while the documents were being reviewed . . . ."

Here, Defendant did not fraudulently conceal its intent or unfairly exercise its right to foreclose. Indeed, Plaintiffs admit they received formal notice of the 19 January 2016 foreclosure sale on 17 December 2015. After Plaintiffs defaulted, Defendant attempted to work with Plaintiffs to address their outstanding obligations and forestall the foreclosure sale, despite being under no legal or contractual obligation to do so. Plaintiffs' eleventh-hour attempts through counsel—the day before and under an hour before the sale—to ostensibly comply with Defendant's accommodation criteria do not create a genuine issue of material fact as to whether Defendant acted unfairly or deceptively by failing to postpone the sale. Considering the evidence in the light most favorable to Plaintiffs, Plaintiffs failed to forecast evidence which rises to the level of substantial aggravating circumstances.

### 2. Reinstatement

In a prehearing deposition, Plaintiffs raised an additional theory which the trial court addressed in its summary judgment order. The trial court held Defendant did not commit an unfair or deceptive act by refusing to allow Plaintiffs to reinstate

their loan during the upset bid period because (1) paragraph 16 of the Deed of Trust did not provide Plaintiffs a right to reinstate their loan because the section applied to "proceedings begun by Lender" and here, the foreclosure proceedings were initiated by the substitute trustee; and (2) even if paragraph 16 of the Deed of Trust provided such right, Defendant did not commit an unfair or deceptive act when it refused to allow Plaintiffs to reinstate the loan.

A foreclosure is a "legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property." *S. Shores Realty Servs., Inc. v. Miller*, 251 N.C. App. 571, 581, 796 S.E.2d 340, 349 (2017) (citation and internal quotation marks omitted). In its answer, Defendant admitted that "it caused Mecklenburg County Special Proceed[ing] [ ] to be commenced to foreclose [upon] the deed of trust securing Plaintiffs' obligations to it." In the light most favorable to Plaintiffs, we conclude the foreclosure proceedings were initiated by Defendant and proceed to the trial court's alternative holding.

A foreclosure proceeding may be initiated by "(1) foreclosure by judicial sale . . . or, (2) if expressly provided within the deed of trust or mortgage, by power of sale under N.C. Gen. Stat. § 45–21.1 *et seq.*" *Banks v. Hunter*, 251 N.C. App. 528, 534, 796 S.E.2d 361, 367 (2017) (citation omitted). As here, "power of sale is a contractual provision in a deed of trust conferring upon the trustee the power to sell real property pledged as collateral for a loan in the event of default." *In re Simmons*, 291 N.C. App.

30, 32, 893 S.E.2d 271, 273 (2023) (citation and internal quotation marks omitted). Moreover, "the right to foreclose by power of sale is contractual in nature and permits parties to expeditiously resolve mortgage defaults through a non-judicial proceeding if authorized in the parties' mortgage or deed of trust." *Id.* at 32, 893 S.E.2d at 273 (cleaned up).

Here, the Deed of Trust provides, in relevant part, "[Plaintiffs] [ ] hereby grant and convey to Trustee in trust with power of sale" to the Property. The Property was sold at foreclosure by power of sale, *i.e.*, a non-judicial foreclosure sale. Thus, Defendant's actions surrounding the reinstatement of Plaintiffs' mortgage is a contractual issue, as "[n]on-judicial foreclosure by power of sale arises under contract and is not a judicial proceeding." *See In re Lucks*, 369 N.C. 222, 225, 794 S.E.2d 501, 504 (2016).

Even assuming the Deed of Trust afforded Plaintiffs the right to reinstate, because foreclosure by "power of sale is a contractual provision in a deed of trust," Plaintiffs' claim would sound in breach of contract rather than a claim for unfair or deceptive trade practices. *See Simmons*, 291 N.C. App. at 32, 893 S.E.2d at 273 (citation omitted). Similar to our conclusion above, the pleadings and evidence before the trial court failed to forecast evidence of substantial aggravating circumstances attendant to a breach. At most, these facts could possibly support a claim for breach

of contract—a cause of action not before the trial court. Accordingly, the trial court did not err by granting summary judgment for Defendant.[2]

## V. Conclusion

As the trial court observed during the hearing, the competing interests in this case are Plaintiffs' contentions that Defendant's actions were not "right" in a moral sense, contrasted against Defendant's legal and contractual rights to foreclose. We hold the trial court did not err by granting summary judgment in favor of Defendant where no genuine issue of material fact remained as to Plaintiffs' unfair and deceptive trade practices claim. If the Deed of Trust provided Plaintiffs a right to reinstate the loan during the upset bid period, Plaintiffs' cause of action lies in breach of contract, a claim not before us, rather than unfair and deceptive trade practices. We therefore affirm the trial court's grant of summary judgment for Defendant.

AFFIRMED.

Judges ZACHARY and WOOD concur.

---

[2] We do not reach Plaintiffs' argument concerning the sufficiency of the "gift letter." This question of fact is not material in light of the foregoing analysis. *See Coastal Plains Utils, Inc. v. New Hanover Cnty.*, 166 N.C. App. 333, 340, 601 S.E.2d 915, 920 (2004).